# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO FLORES,<br>    Plaintiff,<br><br>        v.<br><br>CVS PHARMACY, INC., et al.,<br>    Defendant. | 19-CV-09162 DSF (AFMx)<br><br>Order to Show Cause re Diversity |

On September 27, 2019, Plaintiff Eliseo Flores filed a complaint in state court against Garfield Beach CVS, LLC (CVS) [1] and thirty Doe Defendants alleging that he had been assaulted by an unnamed CVS employee—Defendant Doe 1—at a CVS branch in Los Angeles. Dkt. 3, Ex. B (Compl.). CVS removed this action on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and §§ 1441(a)&(b), Dkt. 1 (Removal), and moved to dismiss portions of the Complaint. Dkt. 12. Plaintiff then filed a motion to remand, asserting that "the Complaint sufficiently identifies [Defendant] Doe 1 as a California resident, thus destroying diversity jurisdiction." Dkt. 14 (Mot.) at 5. CVS filed a late opposition to Plaintiff's motion for remand. Dkt. 20.

Generally, fictitious defendants are not considered for diversity jurisdiction purposes. See 28 U.S.C. § 1441(b)(1). However, Plaintiff's allegations indicate that Defendant Doe 1 is an easily identifiable person and likely a California resident. The Complaint states that

---

[1] The Complaint names "CVS Pharmacy, LLC" as the corporate defendant. In its Notice of Removal, CVS indicates that the proper corporate defendant is "Garfield Beach CVS, LLC."

Defendant Doe 1 was employed at the CVS branch on 6201 Hollywood Blvd. in Los Angeles, CA on October 10, 2018.  Compl. ¶¶ 11-13.  And CVS's counsel has indicated to Plaintiff's counsel that it knows the identity of Defendant Doe 1.  See Dkt. 15-3 (Mann Decl., Ex. 3) (email from CVS's counsel stating: "I do know the identify [sic] of the person.  Perhaps we could agree to trade his name for some of the information you are withholding??").  Under these circumstances, and to avoid needless litigation in this Court, CVS must disclose the identity of Defendant Doe 1 so that the Court may determine whether it has jurisdiction over this matter.  See Sandoval v. Republic Servs., Inc., No. 18-CV-01224 ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) ("As a matter of policy, it is unfair to force plaintiffs from their state court forum into federal court by allowing a defendant to plead ignorance about the defendant-employee's identity and citizenship when a corporate defendant is in a position to know that information.") (citations and quotations omitted); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

Therefore, no later than December 16, 2019, Defendant CVS is ordered to identify Defendant Doe 1 and set forth the relevant facts in its possession regarding his citizenship.  Failure by CVS to respond to this order to show cause will be deemed as consent to remand the action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Date: December 6, 2019

*Dale S. Fischer*
Dale S. Fischer
United States District Judge