UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO FLORES,<br>    Plaintiff,<br><br>           v.<br><br>CVS PHARMACY, INC., et al.,<br>    Defendant. | 19-CV-09162 DSF (AFMx)<br><br>Order Remanding Case to<br>Superior Court of California,<br>County of Los Angeles |

   Plaintiff Eliseo Flores filed a complaint in state court against Defendant Garfield Beach CVS, LLC (CVS)[1] and thirty Doe Defendants, alleging that he had been assaulted by an unnamed CVS employee—Defendant Doe 1—at a CVS branch in Los Angeles.  Dkt. 3, Ex. B (Compl.).  On December 6, 2019, the Court issued an Order to Show Cause re Diversity, instructing CVS to identify Defendant Doe 1, whose identity was admittedly known to it, and set forth the relevant facts in its possession regarding his citizenship.  Dkt. 21 (OSC).  On December 12, 2019, CVS filed a declaration identifying Doe 1 as Jorge Lizama, a resident of Los Angeles, California.  Dkt. 25-1.

   However, this alone did not establish the Court's lack of jurisdiction over this matter or resolve Plaintiff's pending Motion for Remand.  See Dkt. 14.  Fictitious defendants are not considered for diversity jurisdiction purposes.  28 U.S.C. § 1441(b)(1); see also Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of

---

[1] The Complaint names "CVS Pharmacy, LLC" as the corporate defendant.  In its Notice of Removal, CVS indicates that the proper corporate defendant is "Garfield Beach CVS, LLC."

fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Pursuant to a stipulation of the parties, Plaintiff has since substituted Mr. Lizama for Doe 1. Under the circumstances of this case, the Court finds the addition of the non-diverse defendant was proper (and would have granted a motion for leave to amend). The Court may now consider his citizenship for the purpose of determining whether diversity jurisdiction exists. 28 U.S.C. § 1447(e); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686 (9th Cir. 1998). The Court finds it does not have diversity jurisdiction. The case is remanded to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: January 9, 2020

Dale S. Fischer
United States District Judge